UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADI GLOBAL DISTRIBUTION, A DIVISION OF
RESIDEO TECHNOLOGIES, INC.,                                       Civ. No.:

                            Plaintiff,
                                                                  **COMPLAINT**
         - against -

BENJAMIN GREEN,

                            Defendant.
-----------------------------------------------------------------X

Plaintiff, ADI GLOBAL DISTRIBUTION, A DIVISION OF RESIDEO TECHNOLOGIES, INC., by its attorneys, PILLINGER MILLER TARALLO, LLP, as and for its Complaint against defendant, BENJAMIN GREEN, alleges upon information and belief as follows:

**PARTIES**

1.      ADI GLOBAL DISTRIBUTION ("ADI"), is a division of RESIDEO TECHNOLOGIES, INC., with its principal place of business located at 263 Old Country Road, Melville, NY 11747.

2.      RESIDEO TECHNOLOGIES, INC. is a Delaware corporation with its principal place of business located at 901 E 6th St, Austin, TX 78702.

3.      Defendant, BENJAMIN GREEN, is an individual who resides at 6471 Main Street, Miami Lakes, Florida, 33014.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction due to the diversity of citizenship of the parties and the amount in controversy is in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

5. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the plaintiff resides in this district, the work that gave rise to the claim was performed in this district, the real property on which the work was performed is located in this district, the claims at issue arose in this district, and related litigation is currently pending in state court within this district.

6. ADI and Green entered an "Agreement to Guarantee" pursuant to which GREEN consents to the personal jurisdiction of the state and federal courts located in the County of Suffolk, State of New York.

7. A copy of the "Agreement to Guarantee" is attached hereto as **Exhibit A.**

8. The Court has personal jurisdiction over GREEN.

## FACTS

9. IPVision, LLC ("IPVision") is a corporation that all relevant times was located in Florida.

10. IPVision specializes in the convergence of physical security into enterprise it infrastructure.

11. In order to provide services to its clients, IPVision purchased from ADI, among things, access controls, security systems and video surveillance products (the "Products").

12. For the period April, 2019 through December 2019, IPVision purchased the Products for it was required to pay ADI $312,337.62.

13. ADI has on numerous occasions attempted to obtain payment from IPVision for the Products sold to IPVision.

14. Despite ADI's attempts to obtain payment from IPVision, IPVision remains in default.

15. GREEN executed the Agreement to Guarantee, which is a personal guarantee made by GREEN, as an inducement to ADI to, among other things, sell products to IPVision.

16. The Agreement to Guarantee provides:

> As an Inducement to ADI to grant credit or assume a credit risk, from time to time, with respect to sales of Products by ADI, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the undersigned, Guarantor hereby unconditionally, absolutely, and irrevocably guarantees to ADI, its successors and assigns, the prompt payment and performance when due (whether by acceleration or otherwise), or upon demand thereafter, of all of the Obligations (as defined in Section G) whether such Obligations currently exist or come to exist hereafter, together with interest and all reasonable attorneys' fees, costs and expenses incurred by ADI in connection with the collection or enforcement of any rights hereunder. This Guarantee is and shall be construed to be an absolute, continuing, irrevocable, unconditional and unlimited guarantee of payment and performance, and not merely a contract of surety or guaranty of collection. ADI shall have the right to proceed against guarantor immediately upon any default by Buyer of any of the Obligations and shall not be required to take any action or proceeding of any kind against Buyer or any other party liable for the Buyer's debts or any security which ADI may hold, either under this Guarantee, or otherwise, before proceeding against Guarantor hereunder. The liability of Guarantor to hereunder shall not be reduced, effected, impaired, or discharged, in whole or in part, by reason of (a) the fact that any of the Obligations may be, or may arise out of any transaction which may be, illegal, invalid, irregular, or unenforceable, for any reason whatsoever; (b) the failure of ADI to assert any claim or demand or to enforce any right or remedy against Buyer; (c) any extension or renewal of any Obligation; (d) any settlement, compromise or subordination of any Obligation,(e) the insolvency, bankruptcy, reorganization, or cessation of business of Buyer, (f) the sale of all or substantially all of Buyer's assets or capital stock;(g) the assignment, delegation or other transfer of this Guarantee to any other entity without ADI's consent; (h) by any payment to ADI, from any source which ADI thereafter returns or refunds, in whole or in part, by reason of the assertion of any claim of any kind relating thereto including, without limitation, any claim of breach of contract, breach of warranty, preference, illegality, invalidity or fraud; (i) the taking, exchange, enforcement, transfer, substitution, collection, liquidation, waiver, subordination or release of any security for

Buyer's Obligations, or the failure to perfect, or the lapse of perfection of, any such security; or (j) any other defenses available to a surety under applicable law.

17. The Agreement to Guarantee provides that GREEN waives all rights to a jury trial in any litigation arising from or related in any way to the Agreement To Guarantee.

18. ADI has on numerous occasions attempted to obtain payment from GREEN for the Products sold to IPVision.

19. Despite ADI's attempts to obtain payment from GREEN, GREEN remains in default.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" above with the same force and effect as if set forth herein.

21. GREEN has failed to the necessary payments under the Agreement to Guarantee.

22. GREEN's failure to make the necessary payments under the Agreement to Guarantee constitutes a breach of contract.

23. As a result of GREEN's breach of contract, ADI has been damaged in the amount of $312,337.62, plus interest, costs, and attorney's fees.

24. As a result of GREEN's breach of contract, ADI has had to retain counsel to bring suit to enforce the Agreement to Guarantee.

25. Pursuant to the terms of the Agreement to Guarantee, GREEN is responsible for all reasonable attorneys' fees, costs and expenses incurred by ADI in connection with the collection or enforcement of any rights under the Agreement to Guarantee in this case.

26. ADI is entitled to an award for all reasonable attorneys' fees, costs and expenses incurred by ADI in connection with this action.

WHEREFORE, pursuant to the foregoing, ADI demands judgment that:

1. Pursuant to the Agreement to Guarantee, GREEN must pay ADI $312,337.62, plus interest;

2. Pursuant to the Agreement to Guarantee, GREEN must pay ADI's reasonable attorneys' fees, costs and expenses incurred in this action; and,0

3. For other or further relief as the Court may deem just and proper

Dated: Garden City, New York
August 21, 2020

Yours, etc.
**PILLINGER MILLER TARALLO, LLP**

_____
Neil L. Sambursky (NS-8520)
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 214
Garden City, New York 11530
(516) 408-5388