```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADI GLOBAL DISTRIBUTION, A DIVISION OF
RESIDEO TECHNOLOGIES, INC.,

                              Plaintiff,              MEMORANDUM DECISION
                                                      AND ORDER

           -against-                                  20-CV-3869 (DRH)(JMW)


BENJAMIN GREEN,

                              Defendant.
---------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

> *"To dispense with personal service the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done."* [1]

Plaintiff, ADI Global Distribution, a Division of Resideo Technologies, Inc. ("ADI"), brought this action for breach of contract against Defendant Benjamin Green ("Green"), for purported non-payment of products that ADI sold to IPVision, LLC.[2] (DE 1.) Following a protracted snipe hunt to effectuate service of process on Defendant, Plaintiff now moves for leave to serve Green with the Summons and Complaint via alternative means, namely email and certified mail.[3] (DE 8.) For the reasons that follow, Plaintiff's motion is granted.

---

[1] *McDonald v. Mabee*, 243 U.S. 90, 92 (1917) (Holmes, J.).

[2] Green executed a personal guarantee as an inducement to ADI to sell products to IP Vision, LLC. (*Id.*)

[3] The Court acknowledges that Plaintiff timely moved for the instant relief prior to the Court-ordered deadline of April 23, 2021, to serve process and file proof of service.

## I. BACKGROUND

Plaintiff commenced this action by filing the Complaint on August 21, 2020. (DE 1.) On August 31, 2020, Plaintiff's counsel personally emailed and mailed Green the Summons and Complaint, a Waiver of Service, and the Notice of Arbitration pursuant to the CPR Non-Administered Arbitration Rules.[4] (DE 8.) On September 1, 2020, Green sent a reply email to Plaintiff's counsel wherein he acknowledged the outstanding payments that are the subject of the lawsuit, but he did not sign the waiver, answer the Complaint, or acknowledge the arbitration notice. (DE 5-2.)

On March 9, 2021, this Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) because more than 90 days had passed since the action was filed and no affidavit of service had been filed. (Electronic Order dated Mar. 9, 2021.) On March 19, 2021, after reviewing Plaintiff's "Letter to Show Cause" (DE 5), the Court found that Defendant was not properly served. (Electronic Order dated Mar. 19, 2021.) Specifically, the Court noted,

> First, service of a waiver which is not returned does not constitute service. (The Court notes parenthetically that even if it did, it does not appear that the notice was served in conformity with Rule 4(d) as among other things the Rule requires that the defendant be provided with "a pre-paid means of returning the form.") Second, counsel's letter does not demonstrate that service complied with Rule 4(e)(2) or provide a basis for the court to determine in what state defendant was served and if service complied with the requirements of that state.

(*Id.*)

The Court then gave Plaintiff until April 23, 2021 to serve process and file proof of service on the docket. (*Id.*)

---

[4] Plaintiff does not state to what address he mailed the documents. However, based on the information Plaintiff at that time, as explained in his March 18, 2021 letter to the Court (DE 5), the Court infers that a Florida address was used.

After the Court's March 19, 2021 Order (*id.*), Plaintiff hired PM Legal to serve Green at his address in Florida, which was provided to ADI when they entered into the contract that is the subject of this lawsuit. (DE 8.) PM Legal made three failed attempts of service at the Florida location. (*Id.* at Ex. A.) Plaintiff next hired an investigator who found a current address for Green in Arizona, which is associated with his driver's license. (DE 8.) Plaintiff issued a new Summons and PM Legal then made four more failed attempts to serve Green at his current listed residence.[5] (*Id.* at Ex. A.) Now Plaintiff moves for leave to serve Green by email and certified mail. (DE 8.)

## II. STANDARD

Service of process of an individual within a judicial district of the United States is made pursuant to Federal Rule of Civil Procedure 4(e), which provides:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[5] Plaintiff stated that PM Legal made three failed attempts at Green's current address in Arizona, but the affidavits of non-service at Exhibit A show that PM Legal actually made *four* failed attempts at the Arizona address. (DE 8, Ex. A.)

3

Fed. R. Civ. P. 4(e).

"This paragraph sets forth the language of former subdivision (c)(2)(c)(i), which authorized the use of the law of the state in which the district court sits, but adds as an alternative the use of the law of the state in which the service is effected." Fed. R. Civ. P. 4(e) advisory committee note to 1993 amendment; *see also Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *9–10 (S.D.N.Y. Sept. 7, 2021) (applying the service laws of states in which defendants were served in a diversity action). "[I]f service is valid under the rules of one qualifying state, the court need not consider the law of the other qualifying state, nor need the court make any 'choice of law' between qualifying states, in the sense of choosing the law of only one state as applicable to the question of the adequacy of service, then determining whether adequate service was effected under the law of that state." *Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 988, 1005–06 (N.D. Iowa 2003).

Recent decisions from this Circuit have made clear that service upon a Defendant may be performed and analyzed under the manner prescribed by the state in which Defendant is to be served. *See, e.g., Obot v. Navient Sols., Inc.*, 726 F. App'x 47, 48 (2d Cir. 2018) (finding plaintiff was required to effect service by either applying Pennsylvania or New York law to serve a Pennsylvania corporation); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 169 F. App'x 45, 46 (2d Cir. 2006) (applying New York law to the service of a New York defendant in a diversity matter before the United States District Court of Connecticut); *Vidurek*, 2021 WL 4066503 at *10 (holding "[p]laintiffs attempted service upon the Federal Defendants in New York, Utah, Pennsylvania, California, and Washington, D.C., but failed to follow the relevant local laws [of the jurisdiction where defendants were served] governing service"); *Burns v. Scott*, 20-cv-10518 (JGK), 2021 U.S. Dist. LEXIS 150015, at *1–2 (S.D.N.Y.

4

Aug. 9, 2021) (applying the state laws for service of the states in which defendants were served); *Olsen v. Camp Collection Inc.*, 20-CV-4401 (RRM), 2021 WL 918325, at *1 (E.D.N.Y. Mar. 9, 2021) (applying California law when analyzing whether there was proper service of California corporate defendant).

Accordingly, since plaintiff attempted to serve defendant in Arizona, where Green is last known to reside, the Court may look to Rule 4.1(d) of the Rules of Civil Procedure for the Superior Courts of Arizona. That rule, which applies to service on individuals, states, in pertinent part:

> (d) Serving an Individual. Unless Rule 4.1(c), (e), (f), or (g) applies, an individual may be served by:
>
> > (1) delivering a copy of the summons and the pleading being served to that individual personally;
> >
> > (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. [6]

Ariz. R. Civ. P. 4.1(d).

Arizona Rule of Civil Procedure 4.1(k) then states:

> (1) *Generally*. If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner.
>
> (2) *Notice and Mailing*. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order

---

[6] Arizona Rules of Civil Procedure 4.1(c), (e), (f), and (g) do not apply here as Mr. Green has not waived service, is not a minor, and there is nothing before the Court to indicate that he is a person adjudicated incompetent.

5

> authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)-(2).

In Arizona, the impracticability standard does not require a party to attempt every method of service provided in the statute. *See Blair v. Burgener*, 226 Ariz. 213, 218, 245 P.3d 898, 903 (Ct. App. 2010) ("[T]o meet the standard on impracticability does not require…even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken") (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 485, 632 N.Y.S.2d 186, 186 (2d Dep't 1995)). In *Kelly*, the Court found that three failed attempts at service on three different days warranted alternative means of service. 220 A.D.2d at 486, 632 N.Y.S.2d at 186-87. "[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Blair*, 226 Ariz. at 219, 245 P.3d at 904 (citing Ariz. R. Civ. P. 4.1(n)). Under Arizona law, "[i]mpracticable does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.'" *Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10, 433 P.3d 549, 558 (Ct. App. 2018) (quoting *Blair*, 226 Ariz. at 218, 245 P.3d at 903).

Arizona cases have found that email service comports with due process requirements. After a finding that an alternative method of service is appropriate, the court must then confirm that "any proposed alternative method of service . . . comport with constitutional notions of due process." *BMO Harris Bank, N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *2 (D. Ariz. June 10, 2014) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To satisfy this requirement, the alternative method must be "reasonably calculated under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent.*

*Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The federal district courts in Arizona have held that service via email satisfies the due process requirements when the applicant has shown the use of email to be "reasonably calculated to apprise the defendant of the lawsuit." *BMO Harris Bank, N.A.*, 2014 WL 2600362 at *3 (citing *Rio Props Inc.*, 284 F.3d at 1018); *Hydentra Hlp Int. Ltd. v. Porn69.org*, No.: CV15-00451-PHX DGC, 2015 WL 8064770, at *2-3 (D. Ariz. Dec. 7, 2015) (service upon defendant via an email address that plaintiff discovered was associated with a vendor account that provided service for defendant's website comported with due process because defendant conducted business through the internet). The sufficiency and validity of process by email has been condoned "even when there are other means of communications available." *BMO Harris Bank*, 2014 WL 2600362 at *3 (citing *Johnson v. Mitchell*, No. CIV S–10–1968 GEB GGH PS, 2012 WL 1413986, at *5 (E.D. Cal. Apr. 23, 2012).

This approach is in accord with the New York federal courts as well. Due process requires that service be reasonably calculated to apprise parties of the action, while affording them an opportunity to present objections. *F.T.C. v. Pecon Software Ltd.*, Nos. 12 Civ. 7186, 12 Civ. 7188, 12 Civ. 7191, 12 Civ. 7192, 12 Civ. 7195 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013). Alternative service by email comports with due process when a defendant has previously used the email address that the plaintiff intends to use for service. *Group One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 345 (E.D.N.Y 2021) (finding that service via email comported with due process because defendants previously communicated directly with plaintiff's counsel concerning anticipated or pending litigation via same email address); *Noble Sec. Inc., v. Ingamar Co., Ltd.*, 21-CV-1372 (MKB), 2021 WL 2012508, at *6 (E.D.N.Y. May 20, 2021) (holding that service via email comported with due process because defendant used the email address to

7

communicate about the allegedly infringed products within the last 5 months, and an email sent to that address prompted a conversation between defendant and his attorney). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016) (internal quotation marks and citations omitted); *Zouvelos v. Sur. Fin. of Am., Inc.*, No. 16-CV-1851 (AMD), 2017 WL 10259771, at *2 (E.D.N.Y. 2017) (holding that service by email is appropriate if plaintiff specifically explains how that method is reasonably calculated to give defendant notice of the lawsuit); *see also Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding that service by email and fax was reasonably calculated to apprise defendants of the pendency of the action as plaintiff demonstrated the high likelihood that defendants would receive and respond to email communications, and defendants did not dispute receiving email service). A defendant's recent use of an email address—like here—indicates that an email to that address is likely to reach that defendant.[7] *Zanghi v. Ritella*, 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020); *see also F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (finding that the specified email addresses for defendants were used in the subject business scheme and that one of the email accounts was recently in use by defendant).

Service by *any* prescribed means, not just alternative service by email, may fail to notify a defendant of an action, but the Federal Rules of Civil Procedure account for this by allowing a party up to one year to move for relief against an order or judgment granting default. Fed. R. Civ. P. 55(c), 60(b)-(c). *See generally* Anastazia Sienty, Comment, *E-Mail Service in New York*

---

[7] "The current global pandemic provides further reason to find that service via email satisfies due process, as it is the most efficient method to accomplish service." *Group One Ltd.*, 523 F. Supp. 3d at 345.

*State*, 36 Pace L. Rev. 998, 1016 (2016) (noting that in New York, "[t]he risks of adding e-mail into our regular tool box for notice are adequately addressed" under the CPLR, which permits a party to move to vacate a default within one year of entry of the default).

### III.   DISCUSSION

Here, in an attempt to comply with the Court's March 19, 2021 Order to properly effectuate service, Plaintiff first attempted to serve Green by delivering a copy of the Summons and Complaint to Green personally at his last known address in Florida, not once, not twice, but three times. (DE 8.) After those attempts at service were unsuccessful, Plaintiff found the new address for Green in Arizona, and then made four attempts to serve Green pursuant to Arizona Rule of Civil Procedure 4.1(d) – all four failed. (DE 8, Ex. A.) These endeavors at service, although ultimately a pursuit that bore no fruit, are reasonable attempts to serve. The Court finds that Plaintiff has reasonably attempted to effectuate service on Defendant, and that service by traditional methods has proved impracticable as Green was not to be found during any of the seven attempts. Nor was there anyone of suitable age and discretion at the address upon whom the process server could have made service. Accordingly, under Arizona Rule of Civil Procedure 4.1(k), service may be accomplished in another manner designed to provide reasonable notice of the suit.

Plaintiff requests the Court to permit service on Green via email (noting that they will request a delivery and read receipt), and by mailing the summons with a pre-paid means of returning the waiver form, and any court order authorizing an alternative means of service to Green's last-known business or residential address (in accordance with Ariz. R. Civ. P. 4.1(k)(2)). The fact that Green *responded* to Plaintiff's counsel's initial email that contained the Summons and Complaint, waiver of service, and arbitration notice demonstrates that serving

9

Green by email is likely to reach him, and thus reasonably calculated to apprise Green of the pendency of this action. (DE 5-2). Indeed, service by email has been held to be an acceptable means of alternative service, even where the defendant and plaintiff had not previously had email exchanges. *See Hydentra Hlp Int. Ltd.*, 2015 WL 8064770, at *2-3 (permitting plaintiff to serve defendant via email using an email address found during early discovery); *D.R. I. v. Dennis*, No. 03 Civ. 10026(PKL), 2004 WL 1237511, at *1-2 (S.D.N.Y. June 3, 2004) (granting leave for plaintiff to serve summons and complaint by certified mail, publication, and via an email address "at which, according to plaintiff upon information and belief, defendant" received messages through).

## IV. CONCLUSION

Plaintiff's motion to serve Defendant Benjamin Green by alternative means (DE 8) is hereby granted. On or before December 10, 2021, Plaintiff shall serve the Summons and Complaint along with a copy of this Order upon Green via email at the email address Green previously used on September 1, 2020 to respond to Plaintiff's counsel – bgreen@ipvis.com. (DE 5-2.) Plaintiff is further directed to request both "delivery" and "read" receipts, and Plaintiff shall file an affidavit of service through ECF attesting that service was made in the manner prescribed herein, attaching a copy of the email, delivered, and read receipts. Plaintiff shall also mail the Summons and Complaint along with a copy of this Order, and a pre-paid means of returning the waiver form, to Green's last known address and file proof of such service on ECF.

Dated: Central Islip, New York
December 3, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

10