Case 2:20-cv-03869-AMD-JMW   Document 15   Filed 04/24/23   Page 1 of 16 PageID #: 1191

FILED
CLERK

April 24, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADI GLOBAL DISTRIBUTION, A DIVISION OF
RESIDIO TECHNOLOGIES, INC.,

                Plaintiff,

        -against-

BENJAMIN GREEN,

                Defendant.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20-cv-03869 (AMD) (JMW)

**A P P E A R A N C E S:**

Neil L. Sambursky, Esq.
**Pillinger Miller Tarallo LLP**
1140 Franklin Avenue, Ste 214
Garden City, NY 11530
*Attorney for Plaintiff*

*No Appearance by Defendant*

**WICKS,** Magistrate Judge:

        Plaintiff ADI Global Distribution ("ADI") commenced this action against Defendant Benjamin Green on August 21, 2020, asserting a claim for breach of contract for an Agreement to Guarantee. (DE 1.) Following Plaintiff's failure to properly serve Defendant, Plaintiff was granted until April 23, 2021, to do so and file the necessary proof of service. (*See* Electronic Order dated Mar. 19, 2021.) Following additional unsuccessful attempts to serve Defendant, Plaintiff requested the Court allow service by alternative means -- via email and certified mail. (DE 8.)

        The undersigned granted that request on December 3, 2021, and Defendant was properly served three days later on December 6, 2021. (DE 10.) Thereafter, Plaintiff requested a Certificate of Default because Defendant had not answered or otherwise moved with respect to

1

Plaintiff's Complaint. (DE 11.) On January 31, 2022 the Clerk of the Court entered a Certificate of Default against Defendant. (DE 12.)[1]

Plaintiff then filed a motion for default judgment, which was referred to the undersigned by the Hon. Ann M. Donnelly for a Report and Recommendation. (DE 13; Electronic order dated Aug. 1, 2022.) Plaintiff's motion was subsequently denied with leave to renew because Plaintiff failed to comply with the Servicemembers Civil Relief Act. (*See* Electronic Order dated Sept. 22, 2022.) Plaintiff refiled the instant motion (DE 14), which is again before the Court on referral to the undersigned from District Judge Donnelly for a Report and Recommendation. (Electronic Order dated Sept. 30, 2022.)

For the reasons stated herein, the undersigned respectfully recommends that the Plaintiff's motion for default judgment be GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from the Complaint (DE 1) and documents either attached thereto, such as the Agreement, or incorporated by reference. Plaintiff, a Delaware corporation and a division of Resideo Technologies, Inc., is a wholesale distributor of security, AV, and low-voltage products for licensed customers. (DE 1; DE 14.) On July 15, 2013, IPVision, LLC ("IPVision"), applied for a credit account with ADI. (DE 1-3.) IPVision included with its Credit Application an Agreement to Guarantee ("Agreement"), which was signed and notarized by the Defendant on August 21, 2013. (*Id.*) That Agreement was a personal guarantee made by

---

[1] It appears that the Clerk of the Court inadvertently recorded the incorrect date on the certificate of default as January 31, 3033, rather than January 31, 2022. (*See* DE 12.) The Court deems this to be a mere scrivener's or typographical harmless error. Instead, the court deems the date of the entry of the certificate of default as the date electronically docketed on ECF. (*See* DE 12.) This is unlike a situation where the certificate of default named the wrong parties. *Cf. Gold Medal Produce Inc. v. Ricosu Tropical Prod.*, Inc., No. 09-CIV-9858 (CM) (RLE), 2010 WL 267728, at *3 (S.D.N.Y. May 28, 2010) (noting that plaintiff should correct the certificate of default, which named the wrong defendants in the portion certifying service was made).

2

Defendant, allegedly to induce ADI to sell products to IPVision. (*Id.*) Defendant signed the Agreement in his personal capacity as IPVision's "Senior VP." (*Id.*)

The Agreement states that Defendant "unconditionally, absolutely and irrevocably guarantees to ADI, its successors and assigns, the prompt payment and performance when due . . . or upon demand thereafter," of IPVision's obligations to ADI. (DE 1-3 at 6.) The Agreement further provides that Plaintiff "shall have the right to proceed against guarantor immediately upon any default by the Buyer of any of the Obligations and shall not be required to take any action or proceeding of any kind against Buyer or any other party . . . before proceeding against the Guarantor hereunder." (DE 1-3 at 6.)

After the Credit Application was approved, IPVision purchased products including access controls, security systems and video surveillance products on credit from ADI. (DE 1 at ¶ 11.) IPVision's purchases amounted to $312,337.62 worth of product between the period of April 2019 through December 2019. (DE 1 at ¶ 12.) IPVision has failed to pay that outstanding balance. (DE 1 at ¶ 14.) Plaintiff has made numerous attempts to obtain payment from Defendant for the products that were sold to IPVision but Defendant remains in default. (DE 1 at ¶ 18-19.) Plaintiff now states that IPVision has accrued $171,582.52 in late charges as of July 27, 2022. (DE 14.)

Accordingly, Plaintiff seeks default judgment for its breach of contract claim to recover (1) damages under the contract for $312,337.62, (2) pre-judgment interest of 9% per annum, (3) late charges, and (4) attorneys' fees and costs.

## **LEGAL STANDARD UNDER RULE 55(b)**

There is a two-step process for the granting of a motion for a default judgment under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise

3

defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2(b). The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, No. 15-cv-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016), *report and recommendation adopted*, 2016 WL 4705549 (E.D.N.Y. Sept. 7, 2016). A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-cv-1878(RJD)(JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true).

However, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted)). The Court must therefore ensure that (1) Plaintiff satisfied all the required procedural steps in moving for default judgment, *see* Local Civ. R. 55.2, that (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law, *see Finkel*, 577 F.3d at 84, and that (3) Plaintiff's request for damages is adequately supported.

4

## DISCUSSION

### A. Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of law, and supporting affidavits or exhibits containing any necessary factual information for the decision of the motion. E.D.N.Y. Local R. 7.1(a)(1) - (3). Local Civil Rule 55.2 requires that a party moving for default judgment append to its application the Clerk's certificate of default, a copy of the claim to which no response has been made, a proposed form of default judgment, and that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a default is sought at the last known address of such party with proof of mailing filed with the Court. E.D.N.Y. Local R. 55.2(b) - (c).

Initially, this Court denied Plaintiff's initial motion for default judgment (DE 13) with leave to renew upon properly submitting the motion in compliance with the Servicemembers Civil Relief Act, (*see* Electronic Order dated Sept. 22, 2022). *See Uribe v. Nieves*, No. 11-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) ("The court lacks the power to excuse compliance with the statute."). The statute requires that a plaintiff seeking default judgment "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit . . . ." 50 U.S.C. § 3931(A). "Certification . . . of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website . . . ." *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017).

Plaintiff then filed the subject Motion for Default Judgment (DE 14), which includes a copy of the Complaint (DE 14-13), the Certificate of Default as to Defendant entered by the

Clerk of the Court on January 31, 2022 (DE 14-16),[2] a proposed judgment (DE 14-17), a memorandum of law (DE 14-7), and the affidavit of service confirming service of the motion papers on September 28, 2022 as to Defendant via both certified mail with return receipt requested, and email with delivery and read receipts requested. (DE 1-30.)

Plaintiff also provided a declaration from Plaintiff's counsel stating that Plaintiff has searched the Department of Defense's website and obtained a Status Report pursuant to the Servicemembers Civil Relief Act (dated Sept. 22, 2022) regarding Defendant Green. (DE 14-18.) That report, which is also attached, reflects that Defendant is not in active military status. (DE 14-19.)

Accordingly, the Court finds that the instant motion is procedurally proper.

### B. Personal Jurisdiction

When considering a motion for default, a court "may first assure itself that it has personal jurisdiction over the defendant." *Mickalis Pawn Shop, LLC*, 645 F.3d at 133 (citation omitted). Since a judgment rendered against a defendant over whom the court does not have personal jurisdiction can be vacated pursuant to Rule 60(b)(4), it "preserves judicial economy for the court to assess personal jurisdiction from the outset and thereby avoid rendering a void judgment." *Foshan Shunde Xinrunlian Textile Co. v. Asia 153 Ltd.*, No. 14-cv-4697 (DLI) (SMG), 2017 WL 696025, at *2 (E.D.N.Y. Jan. 30, 2017), *report and recommendation adopted*, (Electronic Order dated Mar. 21, 2017). Here, the Defendant has failed to appear in this action so "a *sua sponte* assessment of personal jurisdiction is appropriate." *Id*. (conducting a *sua sponte* personal jurisdiction analysis on a default motion).

---

[2] The Court Clerk inadvertently recorded the date on the certificate of default as January 27, 3033. (DE 12.) The Court reads this as January 27, 2022, which is the date of entry reflected on the docket.

6

Generally, for a court to exercise personal jurisdiction, (i) a plaintiff must complete proper service of process, (ii) there must be a statutory basis for personal jurisdiction that renders such service of process effective, and (iii) the exercise of personal jurisdiction must comport with constitutional due process principles. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673. F.3d 50, 60-61 (2d Cir. 2012). As an initial matter, service was procedurally proper here. Defendant's current address reflects that he resides in Arizona. (*See* DE 9 at 3; DE 10.) The affidavit of service filed to the docket demonstrates that service of the Complaint was properly effectuated by service through certified mail and email, as ordered by the undersigned. (*See* DE 9; DE 10.)

Moreover, Defendant consented to the personal jurisdiction of the state and federal courts located in the County of Suffolk, State of New York pursuant to the Agreement. (DE 1-3 at 6.) Specifically, Defendant agreed that the laws of New York would govern the parties' relationship and that both parties "submit[ted] to the personal jurisdiction of the state and federal courts located in the County of Suffolk, State of New York." (DE 1-3 at 6.) It is well-established that parties can consent to personal jurisdiction by contract. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). Courts uphold contractual clauses consenting to jurisdiction if they were reasonably communicated to the moving party, they were not obtained through fraud or overreaching, and their enforcement would not be unreasonable and unjust. *Platina Bulk Carriers Pte Ltd. v Praxis Energy Agents DMCC*, No. 20-cv-4892 (NRB), 2021 WL 4137528 (S.D.N.Y. Sept. 10, 2021). Here, the relevant language is found on the face of the Agreement, and thus, was presumably reasonably communicated to Defendant. (DE 1-3 at 7.) Defendant consented to this Court's jurisdiction and there is no indication that such consent was the product of fraud or any like conduct. Accordingly, this Court has personal jurisdiction over Defendant.

### C. **Default Factors**

In evaluating whether to grant a default judgment, courts consider (1) whether the defendant's default is willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *Flooring Experts*, *Inc.*, 2013 WL 4042357, at *2. *But see Brown v. Gabbidon*, No. 06-CIV-8148 (HB), 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007) ("A discussion of prejudice, willfulness and meritorious defenses is required once there is an entry of default or a default judgment and the court considers a request by a defaulting party to vacate that entry pursuant to Rules 55(c) or 60(b).").

Consideration of these three factors counsels toward an entry of default judgment in this case since Defendant has wholly failed to appear and present any sort of defense, and Plaintiff is left with no further steps to take to secure relief (*see* DE 14-17). *See id* at *3 (when a defendant is continuously and completely unresponsive the failure to respond is considered willful), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46 (JS) (AKT), 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) ("[T]he Court is unable to make a determination whether the Defendants have a meritorious defense since no such defense has been presented to the Court"), *report and recommendation adopted*, 2012 WL 832452 (E.D.N.Y. Mar. 12, 2012); *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611 (DRH) (AKT), 2018 WL 1525803, at *9 (Mar. 1, 2018) (noting that denying the motion for default judgment would be prejudicial to Plaintiff since "there are no additional steps available to secure relief in this Court"), *report and recommendation adopted*, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018) (citations omitted).

### D. Liability for Breach of Contract

"A federal court sitting in New York must apply New York's choice of law rules when its jurisdiction is based on diversity." *Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, No. 16-CV-2696 (ILG), 2017 WL 2912452, at *2 (E.D.N.Y. July 6, 2017) (quoting *Med. Research Assocs., P.C. v. Medcon Fin. Servs.*, 253 F. Supp. 2d 643, 647 (S.D.N.Y. 2003)). "New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Id.* (quoting *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000).

The Credit Application between ADI and IPVision, which is signed by Defendant, includes an express choice of law provision providing for New York Law. (DE 1-3 at 5.) The attached Agreement includes a consent to jurisdiction provision. (DE 1-3 at 6.) This indicates that the parties intended for New York law to apply. Therefore, the Court will apply New York law.

Well-pleaded allegations in a complaint are presumed true when a defendant fails to present a defense to the court. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 82 (E.D.N.Y. 2020). However, "a plaintiff still must demonstrate that the factual allegations set forth in [the] complaint state valid claims to relief." *Id.* (citing *United States v. Meyers*, 236 F. Supp. 3d 702, 708 (E.D.N.Y. 2017)).

Plaintiff asserts its claim for breach of contract against Defendant under a theory that Defendant personally guaranteed IPVision's debts to Plaintiff. (DE 14.) For Defendant to be financially responsible for IPVision's contractual obligations, Plaintiff must show "an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee." *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 672 F. Supp. 2d 409, 417 (S.D.N.Y.

9

2009) (quoting *Kensington House Co. v. Oram*, 739 N.Y.S.2d 572, 572 (N.Y. App. Div. 2002)). If the signed guaranty is unambiguous, there is no barrier to personal liability for a corporate debt. *Citibank, N.A. v. Uri Schwartz & Sons Diamonds, Ltd.*, 948 N.Y.S.2d 275, 278-79 (N.Y. App. Div. 2012) (citing cases).

Taking the well-pleaded facts in the Complaint as true, and having reviewed the Agreement to Guarantee, the Court finds that Plaintiff has sufficiently alleged facts that constitute a breach of personal guarantee. In the Credit Application, Defendant signed a guarantee that he "unconditionally, absolutely and irrevocably guarantees to ADI, its successors and assigns, the prompt payment and performance when due . . . or upon demand thereafter," of IPVision's obligations to ADI. (DE 1-3 at 6.) IPVision has failed to satisfy its $312,337.62 debt and is in default. (DE 1 at ¶¶ 12-14.) Defendant failed to pay the debt accrued and owed by IPVision, and therefore, has breached the Agreement. (DE 1 at ¶ 18-19; DE 14-14 & 14-15 (emails from Defendant acknowledging the existence of an underlying debt owed by IPVision).

Therefore, the undersigned respectfully recommends that default judgment be entered as to Defendant as to liability for breach of contract. *See LG Funding, LLC v. Fla. Tilt, Inc.*, No. 15-CV-631 (PKC) (VMS), 2015 WL 4390453, at *4 (E.D.N.Y. July 15, 2015) (finding default judgment for liability for breach of guaranty where there was a signed guaranty along with non-payment of the debt).

### E. Damages

#### i. Damages under the Agreement

Plaintiff alleges that IPVision purchased $312,337.62 worth of product between April, 2019 and December 2019 for which IPVision has not paid. (DE 1 at ¶ 12.) The total amount owed under IPVision's account number AG56-000 was $315,661.85 minus a single partial

10

payment of $3,324.23 under one invoice.  (*See* DE 14-7 at 2 n.3.)  No further payments have been made since.  (DE 1 at ¶ 14.)  Plaintiff provided copies of a 145 outstanding invoices (*see* DE 14-4; DE 14-5) and a sworn affidavit from Meiko Cook the Senior Manager for Credit & Collections for ADI, to support its claim for damages.  (*See* DE 14-1.)  Together, these adequately support Plaintiff's entitlement to the alleged contract damages.  Thus, the undersigned respectfully recommends a finding that Plaintiff is owed $312,337.62 in contract damages.

### ii.     Pre-Judgment Interest

"[I]t is well settled that state law applies to the question of whether to award prejudgment interest in a diversity action in federal court."  *Foresco Co. v. Oh*, 337 F. Supp. 3d 304, 306 (S.D.N.Y. 2018).  Under New York Law, Plaintiff is entitled to pre-judgment interest on the damages from the time of the breach, at a rate of 9% per annum.  *See* N.Y. C.P.L.R. §§ 5001, 5004; *see also Harkabi v. SanDisk Corp.*, 891 F. Supp. 2d 527, 546 (S.D.N.Y. 2012) (New York law requires breach of contract damages to include pre-judgment interest at the statutorily prescribed rate).

Pre-judgment interest must be computed from either (1) the date of breach or, if multiple occasions of breach make impossible the determination of a single date, (2) a reasonable intermediate date decided by the Court.  *See* N.Y. C.P.L.R. § 5001 ("Interest shall be computed from the earliest ascertainable date the cause of action existed . . . . Where such damages were incurred at various times, interest shall be computed upon each item . . . or upon all of the damages from a single reasonable intermediate date.").  "[C]ourts have 'wide discretion in determining a reasonable date from which to award pre-judgment interest.'"  *Santillan v. Henao*,

822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)). Plaintiff is entitled to prejudgment interest given Defendant's breach of the Agreement.

Therefore, the undersigned respectfully recommends that Plaintiff's request for pre-judgment interest be granted at the statutory rate of 9% per annum, starting from the date payment on each outstanding invoice was due until the date the judgment is entered. *See Ultra Coachbuilders, Inc. v. Gen. Sec. Ins. Co.*, 229 F. Supp. 2d 284, 288 (S.D.N.Y. 2002) (granting pre-judgment interest from the date of each invoice); *see also Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 94 (E.D.N.Y. 2020) ("The award of prejudgment interest should be calculated from the time the claim arises through the date of judgment.").

### iii. Late Charges

In addition to pre-judgment interest, Plaintiff also requests this Court grant late charges under the Agreement. The Agreement to Sale Terms within IPVision's Credit Application provides that "ADI may assess, and Buyer agrees to pay late charges (not to exceed the lesser of 1.5 % per month or the maximum amount permitted by law)." (DE 1-3 at 5.) The Credit Application and Agreement have put Defendant on notice that he will be liable for either the 1.5% monthly rate or "the maximum amount permitted by law, whichever is greater." (*See* DE 1-3 at 5.) Nowhere in the Agreement does it mention that Defendant may be liable for both contractual as well as statutory interest.

Here, cases in which courts have analyzed the issue of impermissible double recovery are instructive. To permit both interest awards would effectively result in an unwarranted duplicative compensation for Plaintiff's delay in receiving its owed payment. *See Ultra Coachbuilders*, *Inc. v. General Sec. Ins. Co.*, 229 F. Supp. 2d 284, 289 (S.D.N.Y. 2002) (stating

12

that to permit the recovery of late fees where pre-judgment interest already compensates for payment delays would be "unreasonable"); *Wells Fargo Bank Minnesota v. BrooksAmerica Mortg. Corp.*, No. 02-CV-4467 (HB), 2004 WL 2072358, at *11 n. 15 (S.D.N.Y. Sept. 14, 2004) (denying late fees as duplicative of the pre-judgment interest award), *aff'd sub nom. Wells Fargo Bank, N.A. v. BrooksAmerica Mortg. Corp.*, 419 F.3d 107 (2d Cir. 2005)*; TIG Ins. Co. v. Newmont Mining Corp.*, No. 04-CV-4105 (SAS), 2005 WL 2446234, at *3 (S.D.N.Y. Oct. 4, 2005) ("a party may not recover interest as damages for late payments, as well as prejudgment interest, accruing on the same principal amount over the same time period"); *Advanced Retail Mktg., Inc. v. News America Mktg. FSI, Inc.*, 758 N.Y.S. 2d 8, 9 (N.Y. App. Div. 2003) (characterizing late charges as duplicative of statutory prejudgment interest). Plaintiff has not provided any authority to the contrary.

Accordingly, since New York law provides for prejudgment interest to be awarded in breach of contract cases, and given the undersigned's recommendation as to the same, the undersigned respectfully recommends Plaintiff's request for late charges be denied.

    **iv.**    **Attorneys' Fees**

Plaintiff also requests attorneys' fees under the Agreement. (DE 14 at 3, 6 & 10.) Defendant "agree[d] to pay all costs and expenses, including reasonably attorneys' fees and disbursements, incurred by ADI in the enforcement, or attempted enforcement, of any and all terms thereof." (DE 1-3 at 6.) Thus, Plaintiff is entitled to attorneys' fees. However, the Court cannot grant an award of attorneys' fees without further documentation.

This Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the

13

case," "creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011).

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111 (CBA) (LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 190 (2d Cir. 2007)). In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant "'community' for purposes of this calculation is the district where the district court sits." *Arbor Hill*, 522 F.3d at 190. "The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates." *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) (internal quotations omitted).

Plaintiff has neither stated the amount of attorneys' fees and costs sought nor supported its request with requisite documentation. For example, Plaintiff has not provided billing records or declarations attesting to the experience and hourly rates of the attorneys and legal staff that

14

worked on this matter. Nor does Plaintiff provide evidence or comparators to assess prevailing market rates. In short, Plaintiff has failed to provide the requisite information from which the Court may determine the reasonableness of its request for fees. *See, e.g., Fontana v. Bowls & Salads Mexican Grill Inc.*, No. 19-CV-1587 (JMA)(ARL), 2022 WL 3362181, at *8 (E.D.N.Y. Feb. 3, 2022, *report and recommendation adopted*, 2022 WL 2389198 (E.D.N.Y. July 1, 2022) ("plaintiff has failed to provide contemporaneous billing records for attorneys involved, or even a list of attorneys involved and their billing rates. Indeed, plaintiff has failed to even state the amount requested. Accordingly, plaintiff has failed to meet their burden of establishing the reasonableness of the fees requested . . . .").

Accordingly, the undersigned respectfully recommends denying Plaintiff's request for attorney's fees and costs with leave to renew along with the requisite documentation.

## CONCLUSION

Accordingly, the undersigned respectfully recommends that the Plaintiff's motion for default judgment be GRANTED in part and DENIED in part consistent with this Report and Recommendation:

(1) grant default judgment as to liability for breach of contract and award $312,337.62 in damages for outstanding invoices,

(2) grant Plaintiff's request for pre-judgment interest at a rate of 9% per annum calculated from the date of the breach of each outstanding invoice until the date that judgment is entered,

(3) deny Plaintiff's request for late charges, and

(4) deny Plaintiff's request for attorneys' fees with leave to renew such request with appropriate documentation.

**OBJECTIONS**

Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant via first-class mail and via email and promptly file proof of service on ECF. A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:   Central Islip, New York
         April 24, 2023

                                              RESPECTFULLY RECOMMENDED,

                                              /S/ *James M. Wicks*
                                              JAMES M. WICKS
                                              United States Magistrate Judge